Gregg Roberts
43430 E Florida Ave F293
Hemet CA 92544
951-350-5371
gregg@legalsupport-sc.com
Assignee and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re Mark R. Johnson and Linda M. Johnson,<br><br>Debtors | Case #6:26-BK-14477-RB<br><br>Chapter 7<br><br>**MOTION TO EXTEND TIME TO FILE COMPLAINT OBJECTING TO DISCHARGE UNDER 11 U.S.C. § 727; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GREGG ROBERTS**<br><br>Hearing Date: Tuesday, September 29, 2026<br>Time: 11:00 a.m.<br>Courtroom: 301<br>Place: 3420 Twelfth Street, Riverside, CA 92501-3819 (Remote appearance available; see accompanying notice)<br>Judge: Hon. Magdalena Reyes Bordeaux |

**TO THE HONORABLE COURT, THE DEBTORS, THE CHAPTER 7 TRUSTEE, THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

# Judge Reyes Bordeaux's
# Procedures for Video & Telephonic Appearances
# via ZoomGov Audio & Video

Effective November 1, 2023, Judge Reyes Bordeaux will conduct in-person hearings.

**Information for ZoomGov Hearings**

However, parties in interest (and their counsel) may continue to participate in most hearings remotely using ZoomGov audio and video. For ZoomGov hearings, the first page of Judge Reyes Bordeaux's publicly posted hearing calendar will provide ID and Password information for ZoomGov. The calendar is posted to the public at least 2 weeks prior to the hearing.

You may appear by video or audio via ZoomGov using a **personal computer** (which has a camera, microphone, and speaker), or a handheld mobile device (such as an iPhone and/or Android phone). You may also participate by ZoomGov via audio only by using a **telephone** (standard telephone charges may apply).

A ZoomGov account is not necessary for remote access, and no pre-registration is required. Remote access through ZoomGov is **free of charge**. The audio portion of each hearing will be recorded electronically by the Court and this audio recording constitutes its official record.

Unless otherwise ordered by Judge Reyes Bordeaux, no party or witness may appear remotely for any trial or evidentiary hearing.

**MEMBERS OF THE PUBLIC AND THE PRESS MAY ONLY CONNECT TO THE ZOOM AUDIO FEED, AND ONLY BY TELEPHONE. ACCESS TO THE VIDEO FEED BY THESE INDIVIDUALS IS PROHIBITED.**

**NOTE: IF A PERSON CANNOT BE IDENTIFIED BY THE COURT CLERK DURING THE PRE-HEARING CHECK-IN, THE PARTY WILL BE DISCONNECTED AND REMOVED FROM THE ZOOM HEARING.**

**IN THE CASE OF A TRIAL OR EVIDENTIARY HEARING, NO AUDIO ACCESS WILL BE PROVIDED. HOWEVER, MEMBERS OF THE PUBLIC AND THE PRESS MAY OBSERVE SUCH PROCEEDINGS IN PERSON.**

**ALL PERSONS (OTHER THAN AUTHORIZED COURT STAFF) ARE STRICTLY PROHIBITED FROM MAKING ANY AUDIO OR VIDEO RECORDING OF COURT PROCEEDINGS, BY ANY MEANS. VIOLATION OF THIS PROHIBITION MAY RESULT IN THE IMPOSITION OF MONETARY AND NON-MONETARY SANCTIONS.**

Remote access is a privilege. Judge Reyes Bordeaux reserves the right to suspend or discontinue any party's remote access privileges in her discretion. Further, although Judge Reyes Bordeaux makes remote access available, any party or counsel choosing to appear remotely takes the risk of any delay, malfunction, or disconnection from the hearing.

## Frequently Asked Questions for a Successful ZoomGov Court Experience

1. How do I mute my phone when I attend a hearing remotely via ZoomGov?

   If connected to ZoomGov audio by telephone, you can mute or unmute your connection by **pressing *6** on your phone.

2. Why do I need to mute my phone when I'm not speaking?

   Please mute your audio to minimize background noise and to enable the court to have a clear record of the proceeding until it is your turn to speak.

3. How can I improve the sound quality when I'm attending the hearing remotely?

   If available, a headset-microphone often provides better sound quality for listening and speaking. If you are connecting to the hearing using a wireless device, you should find a location with a strong wireless signal. And if you intend to speak at the hearing, please find a quiet place from which to participate. If you appear by video, try to avoid having a window or bright background behind to avoid appearing on video as a shadow. If you cannot avoid the bright background, try using a desk lamp or other light source to brighten your face.

4. Can I test my computer or mobile device capabilities to make sure it will work on the day of the hearing?

   You can test the video and audio capabilities of your computer or mobile device before the hearing (i.e., at least one day in advance). You can click on the ZoomGov meeting link posting for the hearing and/or check your video and audio using the ZoomGov app.

5. How do I make an appearance in court when I appear remotely?

   Each and every time you speak please say your name so that we can have a clear record. This may seem awkward but **it is essential** to making a good court record. The only part of the hearing being recorded is the audio. If a transcript is requested, it may be difficult for the transcriber to know who is speaking if someone has not first stated their name for the record.

6. Are there any other things I should know about appearing remotely regarding attire and virtual backgrounds?

   Please remember that hearings are official court proceedings, and individuals should act accordingly even when appearing remotely.

   a. **Attire**: If you are appearing by video, please wear attire consistent with the decorum of court proceedings.

   b. **Virtual Backgrounds**: ZoomGov permits the use of virtual backgrounds to safeguard your privacy. If you choose to use a virtual background, please avoid backgrounds that are offensive or distracting.

7. Can I display my name when appearing by ZoomGov?

   ZoomGov video participants may list a display name. If using video, please spell out your complete name to assist the Court in creating a record of the proceedings.

**CONTENTS**


INTRODUCTION .......... 4

MEMORANDUM OF POINTS AND AUTHORITIES .......... 5

I. ROBERTS IS A CREDITOR AND PARTY IN INTEREST WITH STANDING TO SEEK AN EXTENSION UNDER RULE 4004(b)(1) .......... 5

II. FACTUAL BACKGROUND .......... 6

III. RULE 4004(b)(1) AUTHORIZES AN EXTENSION FOR CAUSE .......... 11

IV. THE UNRESOLVED FACTS MAY MATERIALLY AFFECT DEBTORS' RIGHT TO DISCHARGE .......... 12

A. Section 727(a)(5) .......... 12

B. Section 727(a)(2) .......... 13

C. Sections 727(a)(3) and (4) .......... 13

D. Potential Avoidable Transfers Further Demonstrate the Need to Trace the Assets .......... 14

V. TARGETED RULE 2004 DISCOVERY IS NECESSARY .......... 15

VI. THE REQUESTED 90-DAY EXTENSION IS REASONABLE AND WILL AVOID PREMATURE PLEADING .......... 17

VII. THE § 523 DEADLINE IS NOT AT ISSUE IN THIS MOTION .......... 18

VIII. CONCLUSION .......... 18


**TABLE OF AUTHORITIES**

**Cases**


*Willms v. Sanderson (In re Sanderson)*, 723 F.3d 1094 .......... 11


**Statutes**


11 U.S.C. § 523 .......... 5
11 U.S.C. § 523(a)(6) .......... 18
11 U.S.C. § 548 .......... 14
11 U.S.C. § 727 .......... passim
11 U.S.C. § 727(a)(2) .......... 13
11 U.S.C. § 727(a)(3) .......... 13, 14
11 U.S.C. § 727(a)(4) .......... 13, 14

11 U.S.C. § 727(a)(5) ........ 12, 13

**Rules**

FRBP 2004 ........ 5, 15, 16
FRBP 4004 ........ 5, 19
FRBP 4004(a)(1) ........ 11
FRBP 4004(b)(1) ........ 4, 6, 11
FRBP 4007(c) ........ 5, 18
FRBP 9011 ........ 5, 17
LBR 2004-1 ........ 16, 17

## INTRODUCTION

Creditor Gregg Roberts (“Roberts”), appearing pro se, moves pursuant to Federal Rule of Bankruptcy Procedure 4004(b)(1) for a 90-day extension, through December 7, 2026, of the presently scheduled September 8, 2026 deadline applicable to Roberts to file a complaint objecting to Debtors’ discharge under 11 U.S.C. § 727.

Cause exists because substantial evidence necessary to evaluate potential objections to discharge remains unavailable to Roberts despite his diligent efforts to obtain it. Roberts began requesting documents concerning Debtors’ assets, financial affairs, business closure, substantial SBA/EIDL borrowing, and possible transfers of business assets in June 2026, well before the § 341 meeting of creditors. The Chapter 7 Trustee directed Debtors’ counsel to comply with Roberts’ request. The documents nevertheless were not produced.

At the § 341 meeting, debtor Mark Johnson also testified, in substance, that he had given or transferred the remaining Naughty Pig Butchery business to his son, Daniel Johnson. Mark Johnson further acknowledged inaccuracies concerning the addresses and locations of property stated in Debtors’ schedules, and the Trustee directed counsel to correct those schedules. No amended schedules have been filed.

These circumstances raise substantial questions concerning the existence, location, transfer, and disposition of assets; consideration received for any transfer; the disposition of substantial loan proceeds; the accuracy of Debtors’ disclosures; and Debtors’ ability satisfactorily to explain what became of property formerly associated with them and their business.

Roberts intends promptly to pursue targeted examination and document production under Federal Rule of Bankruptcy Procedure 2004. He requests this limited extension so that these matters may be investigated before he is required either to abandon potentially meritorious objections to discharge or plead them without the reasonable factual investigation contemplated by Rule 9011.

This Motion seeks an extension only of Roberts' deadline under Rule 4004 to assert objections to discharge under § 727. Roberts does not seek through this Motion an extension of the Rule 4007(c) deadline applicable to a complaint determining dischargeability of his particular judgment debt under 11 U.S.C. § 523.

## MEMORANDUM OF POINTS AND AUTHORITIES

### *I. ROBERTS IS A CREDITOR AND PARTY IN INTEREST WITH STANDING TO SEEK AN EXTENSION UNDER RULE 4004(b)(1)*

Debtors' original Schedule E/F identifies Gregg Roberts as the nonpriority creditor with respect to the $50,810.18 claim at issue here and separately identifies Arden Silverman DBA Capital Asset Protection as an additional person to receive notice concerning that same claim. At the time the bankruptcy petition was filed, however, the judgment giving rise to the claim was owned by Silverman pursuant to a prior assignment from the original judgment creditor, Tyler Dawsey.

On July 15, 2026, Silverman assigned to Roberts all of his right, title, and interest in the judgment. A true and correct copy of that assignment is attached to Roberts' Declaration as Exhibit 1.

An acknowledgment of assignment has been submitted to the Riverside Superior Court for filing but has not yet been processed. Filing of the acknowledgment is not what creates the assignment or transfers ownership of the claim. Roberts therefore presently owns the claim and is a creditor and party in interest entitled to seek relief under Rule 4004(b)(1).

## *II. FACTUAL BACKGROUND*

1. Roberts is the present assignee and owner of the state-court judgment and corresponding prepetition claim described above.

2. The present deadline applicable to Roberts to file a complaint objecting to discharge under 11 U.S.C. § 727 is September 8, 2026.

3. Roberts did not wait until the approach of that deadline to investigate Debtors' financial affairs. On June 14, 2026, before the § 341 meeting, Roberts sent Debtors and their counsel a detailed written request for information and documents concerning matters disclosed or left unclear by their bankruptcy schedules.

4. Among other things, Roberts' June 14 request noted that the schedules disclosed approximately $761,000 in SBA/EIDL loan debt while reporting relatively modest remaining assets. Roberts requested documents sufficient to show the receipt and disposition of those loan proceeds.

5. Roberts also requested records showing what became of the assets of the Naughty Pig Butchery business upon its closure, including equipment, inventory, vehicles, accounts, lease deposits, and proceeds from any sale, liquidation, surrender, transfer, or other disposition.

6. The same request specifically identified Naughty Pig Butchery LLC, an entity formed with *Daniel* Johnson (the son of the Debtors) listed as principal, and asked whether assets, business opportunities, trade names, customer relationships, or other business interests associated with Naughty Pig had been transferred to or were being used by that entity or Daniel Johnson.[1]

7. A true and correct copy of the pertinent email correspondence concerning those requests is attached to Roberts' Declaration as Exhibit 2.

8. When Debtors' counsel did not respond substantively, Roberts contacted Chapter 7 Trustee Arturo Cisneros. On June 17, 2026, Trustee Cisneros directed Debtors' counsel in the email thread to "please comply w/ the request in a reply to all," or state the legal authority for not doing so.

9. On June 19, 2026, Debtors' counsel responded that counsel would speak with the clients to obtain the requested documents and that an associate would respond the following week.

10. The documents were not produced.

11. Roberts continued following up. On June 28 and July 1, 2026, he again advised that he had received no documents and expressly explained that adequate time to review the records was necessary to evaluate Debtors' schedules, assets, business closure, SBA/EIDL loan proceeds, and potential objections to discharge.

[1] Roberts' email was slightly mistaken; the correct name of the Daniel Johnson entity was Naughty Pig Butchery Two LLC. Mark Johnson's entity was called Naughty Pig Butchery Inc.

12. On July 1, 2026, Mark Johnson responded that “[t]he Trustee has requested and we are providing accordingly.”

13. Nevertheless, on July 13, 2026, Roberts still had received no documents and again requested a 90-day extension.

14. Roberts attended the § 341 meeting of creditors conducted on July 9 and personally heard the testimony described herein.

15. During the meeting, the Chapter 7 Trustee again directed that Roberts be provided the documents he had requested.

16. The requested documents still have not been provided as of the filing of this Motion.

17. During the same § 341 examination, Roberts heard debtor Mark Johnson testify, in substance, that he had given or transferred the remaining Naughty Pig Butchery business to his son, Daniel Johnson.

18. Roberts does not present the word “given” as a purported verbatim transcript. He personally attended and heard the testimony and distinctly recalls its substance. Roberts intends promptly to obtain the recording of the § 341 meeting so the precise testimony can be reviewed.

19. Before bankruptcy, Roberts had independently investigated the Naughty Pig Butchery business and had personally visited an operating Naughty Pig location. At that location he personally observed Daniel Johnson and his wife participating in operation of the business.

20. Before Mark Johnson's testimony at the § 341 meeting, however, Roberts did not understand that Mark Johnson contended that the remaining business itself had been transferred or "given" to Daniel Johnson.

21. That testimony materially changed the significance of the information Roberts had previously discovered concerning Daniel Johnson and Naughty Pig Butchery [Two] LLC and created additional questions requiring investigation.

22. The schedules also identify the former Naughty Pig business address as the location of numerous items of Debtors' personal property. At the § 341 meeting, Mark Johnson acknowledged that Debtors had failed to disclose his apartment address and that the schedules used the business address where other address information should have been stated.

23. The Trustee directed Debtors' counsel to correct that information. As of the filing of this Motion, Roberts is aware of no amended schedules correcting it.

24. The location issue is particularly significant because Mark Johnson testified that the business property had been transferred to his son, while Daniel Johnson and/or his successor business subsequently ceased operating at and was evicted from the former Naughty Pig location. The schedules therefore do not presently provide a reliable answer concerning the current location of property they identify as being situated there.

25. Among other matters, Roberts does not presently know:

    a. precisely what business assets were transferred;

b. the value of those assets;

c. when the transfer or transfers occurred;

d. whether consideration was paid and, if so, in what amount and to whom;

e. what became of inventory, equipment, vehicles, cash, bank accounts, receivables, merchant-processing proceeds, deposits, leases, contractual rights, goodwill, trade names, and other assets of the business;

f. whether assets were transferred to Daniel Johnson personally, directly to an entity owned or controlled by him, or through some combination of transactions;

g. whether either Debtor retained any direct or indirect ownership interest in, possession of, control over, or benefit from transferred property;

h. whether any proceeds or other consideration from a transfer were received by either Debtor and, if so, what became of them;

i. what became of the substantial SBA/EIDL loan proceeds previously identified in Debtors' schedules;

j. where property identified in the schedules as being located at the former business premises is actually located; and

k. whether Debtors' schedules, statements, records, and testimony completely and accurately disclose and satisfactorily explain the existence, location, transfer, and disposition of these assets.

26. These unresolved matters bear directly upon whether grounds exist to object to the discharge of one or both Debtors under § 727.

### *III. RULE 4004(b)(1) AUTHORIZES AN EXTENSION FOR CAUSE*

Federal Rule of Bankruptcy Procedure 4004(a)(1) requires a Chapter 7 complaint objecting to discharge to be filed within 60 days after the first date set for the § 341 meeting of creditors.

Rule 4004(b)(1) provides that, on motion of a party in interest filed before expiration of the deadline, the Court may for cause extend the time to object to discharge.

Roberts is filing this Motion before the September 8, 2026 deadline.

The Ninth Circuit has emphasized that a creditor seeking an extension must show why additional time is necessary rather than merely state generally that further investigation is desired. *Willms v. Sanderson (In re Sanderson)*, 723 F.3d 1094, 1104 (9th Cir. 2013). In *Willms*, the creditors stated only that they needed additional time to complete an investigation and failed to explain why that investigation had not been completed within the original period.

The circumstances here are materially different.

Roberts began requesting specific financial and business records approximately three months before the present deadline. His requests identified the particular transactions and categories of

assets requiring investigation. When Debtors' counsel failed to produce the records, Roberts brought the matter to the Trustee. The Trustee directed counsel to comply. Counsel stated that the documents would be obtained. Mark Johnson subsequently stated that the Trustee had requested the documents and that they were being provided. Yet they were not provided.

Moreover, the § 341 examination itself produced material new information: Mark Johnson's testimony that the remaining Naughty Pig business had been given or transferred to his son.

The § 341 examination also confirmed inaccuracies in the schedules concerning Debtors' address and the reported location of property. The Trustee directed that those matters be corrected, yet no amended schedules have been filed.

Roberts therefore can identify precisely both what remains to be investigated and why the investigation has not been completed before the existing deadline. The need for additional time does not result from inattention or delay by Roberts.

## *IV. THE UNRESOLVED FACTS MAY MATERIALLY AFFECT DEBTORS' RIGHT TO DISCHARGE*

### *A. Section 727(a)(5)*

Section 727(a)(5) provides for denial of discharge when a debtor has failed satisfactorily to explain a loss of assets or deficiency of assets to meet liabilities.

The record presently raises substantial questions concerning the disposition of assets formerly associated with Debtors and the Naughty Pig business, as well as the disposition of substantial SBA/EIDL loan proceeds identified in the schedules.

Whether § 727(a)(5) ultimately applies cannot responsibly be determined without identifying the assets that existed, determining their approximate value, tracing their disposition, identifying consideration received in connection with transfers, and evaluating Debtors' explanation of what became of that property.

The very records Roberts sought months ago are directly relevant to that inquiry.

*B. Section 727(a)(2)*

Depending upon the timing, ownership, intent, and circumstances ultimately established, the transfer or disposition of assets may also implicate § 727(a)(2), which addresses transfers or concealment of property made with intent to hinder, delay, or defraud creditors or an officer of the estate.

Roberts does not presently allege that the evidence establishes the intent required by § 727(a)(2). Determining whether such a claim is warranted is one purpose of the requested investigation.

*C. Sections 727(a)(3) and (4)*

The requested records and further examination may also bear upon the adequacy of Debtors' books and records and the completeness and accuracy of Debtors' bankruptcy schedules, statements, and testimony, potentially implicating §§ 727(a)(3) and (4).

The acknowledged inaccuracies in the schedules, coupled with the failure to amend them after the Trustee directed that corrections be made, further warrant investigation concerning the completeness and accuracy of Debtors' disclosures.

Roberts does not presently contend that sufficient evidence has been developed to plead claims under §§ 727(a)(3) or (4) . The purpose of the requested extension is to obtain and review the evidence before determining which, if any, objections to discharge should be asserted.

### *D. Potential Avoidable Transfers Further Demonstrate the Need to Trace the Assets*

The circumstances surrounding transfer of the remaining Naughty Pig business may also reveal a transfer avoidable under 11 U.S.C. § 548 or other avoidance law.

Roberts recognizes that an avoidance claim belonging to the bankruptcy estate ordinarily must be pursued by the Trustee or by another party possessing appropriate authority. Roberts does not seek through this Motion authority to prosecute any avoidance claim.

The possible existence of such a transfer nevertheless underscores the need to determine what property existed, how it was transferred, what consideration was received, and what became of the property or proceeds. If investigation reveals a potentially valuable estate claim, Roberts can present the resulting evidence to the Trustee for appropriate consideration.

## *V. TARGETED RULE 2004 DISCOVERY IS NECESSARY*

Federal Rule of Bankruptcy Procedure 2004 authorizes examination concerning the acts, conduct, property, liabilities, and financial condition of a debtor; matters affecting administration of the estate; and the debtor's right to discharge.

Roberts intends promptly to seek Rule 2004 examination and production concerning, among other matters:

1. the Naughty Pig Butchery entities and business locations;
2. the ownership, existence, value, location, and disposition of business and personal assets;
3. transfers of property or business operations to Daniel Johnson or entities owned or controlled by him;
4. the receipt and disposition of SBA/EIDL loan proceeds;
5. bank and other financial accounts;
6. merchant-processing accounts and payment processors;
7. business revenue and accounts receivable;
8. inventory, fixtures, vehicles, furnishings, machinery, and equipment;
9. leases, deposits, licenses, permits, contractual rights, trade names, goodwill, and related business interests;

10. consideration received in connection with any transfer;

11. Debtors’ financial and accounting records concerning the business and the transfers;

12. Debtors’ ownership of or interests in business entities before and after the transfers;

13. the present location of assets identified in the schedules as located at the former Naughty Pig business premises;

14. the ultimate disposition of assets formerly available to meet Debtors’ liabilities; and

15. facts bearing upon the completeness and accuracy of Debtors’ disclosures and their right to discharge.

Appropriate Rule 2004 discovery may also be necessary from Daniel Johnson and other persons or entities possessing relevant information.

Central District of California Local Bankruptcy Rule 2004-1 requires a moving party, before filing a Rule 2004 motion, to attempt to confer with the entity to be examined or counsel concerning the date, time, place, and scope of the examination or production. The Local Rule ordinarily requires not less than 21 days’ notice of the examination calculated from service of the motion unless otherwise ordered.

Consequently, even if Roberts commences the Rule 2004 procedure immediately, the investigation cannot reasonably be completed during the few days remaining before September 8, 2026.

The proposed discovery is not a generalized search for possible wrongdoing. It is directed toward specifically identified assets, transactions, records, locations, and disclosures, many of which Roberts first sought to investigate months ago and others whose significance was materially increased by testimony elicited at the § 341 meeting.

### *VI. THE REQUESTED 90-DAY EXTENSION IS REASONABLE AND WILL AVOID PREMATURE PLEADING*

Roberts requests an extension of 90 days, through December 7, 2026.

The extension will provide a reasonable period in which to pursue production of documents, conduct appropriate Rule 2004 discovery, obtain and review the § 341 recording, trace relevant assets and transactions, and determine whether factually and legally supportable objections to discharge exist.

Federal Rule of Bankruptcy Procedure 9011 requires factual contentions presented to the Court to possess evidentiary support or, when specifically so identified, to be likely to obtain evidentiary support after a reasonable opportunity for further investigation or discovery.

Without an extension, Roberts would be forced either to abandon potentially meritorious § 727 objections before completing an investigation that he began months ago, or to commence an adversary proceeding asserting claims before obtaining the evidence necessary to determine responsibly which claims should actually be pleaded.

A limited extension avoids both results.

The requested extension will cause no unfair prejudice to Debtors. It is limited to 90 days, is requested before expiration of the existing deadline, and is sought for the specific purpose of completing identified discovery concerning matters already raised by Debtors' schedules, the nonproduction of requested records, and sworn testimony at the § 341 examination.

## *VII. THE § 523 DEADLINE IS NOT AT ISSUE IN THIS MOTION*

Roberts separately possesses a potential claim concerning the dischargeability of his particular judgment debt under 11 U.S.C. § 523(a)(6).

That claim arises from the conduct underlying the state-court wage judgment and is analytically distinct from the potential § 727 objections discussed above.

Roberts does not seek additional time under Rule 4007(c) through this Motion. He intends to file any § 523(a)(6) complaint upon which he elects to proceed within the presently applicable deadline.

This distinction is intentional. The additional investigation described in this Motion is necessary to determine whether Roberts should assert objections to Debtors' overall discharge under § 727; it is not offered as a basis for postponing Roberts' separate § 523(a)(6) claim.

## *VIII. CONCLUSION*

For the foregoing reasons, Creditor Gregg Roberts respectfully requests that the Court:

1. Extend through December 7, 2026 the deadline applicable to Roberts under Federal Rule of Bankruptcy Procedure 4004 to file or amend a complaint to assert objections to discharge under 11 U.S.C. § 727;

2. Provide that the extension applies with respect to each Debtor to the extent Roberts otherwise has legally cognizable grounds to object to that Debtor's discharge; and

3. Grant such other and further relief as the Court deems just and proper.

DATED: September 3, 2026.

Gregg Roberts

Gregg Roberts

Creditor, Pro Se

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
43430 E. Florida Ave. #F, Hemet, CA 92544

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion)*
TO EXTEND TIME TO FILE COMPLAINT OBJECTING TO DISCHARGE UNDER 11 U.S.C. § 727

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

I have no access to the Electronic Mail Notice list.

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 09/03/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/03/2026 | James Munson III | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**ATTACHMENT TO PROOF OF SERVICE OF DOCUMENT**

**US Bankruptcy Court, Case #26-BK-14477-RB**

**2. SERVED BY UNITED STATES MAIL**

Mark R Johnson
41539 Kalmia
Murrieta, CA 92562

Linda M Johnson
41539 Kalmia
Murrieta, CA 92562

Mark R Johnson
26900 Winchester Creek Apt 3103
Murrieta CA 92563

Linda M Johnson
26900 Winchester Creek Apt 3103
Murrieta CA 92563

Kevin Tang
Tang & Associates
17011 Beach Blvd, Suite 900
Huntington Beach, CA 92647

Arturo Cisneros (TR)
3403 Tenth Street, Suite 714
Riverside, CA 92501

United States Trustee (RS)
3801 University Ave, Ste 720
Riverside, CA 92501-3200

Hon. Magdalena Reyes Bordeaux
3420 Twelfth Street, Suite 325
Riverside CA 92501-3819

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
43430 E. Florida Ave. #F, Hemet, CA 92544

A true and correct copy of the foregoing document entitled (*specify*): MOTION TO EXTEND TIME TO FILE COMPLAINT OBJECTING TO DISCHARGE UNDER 11 U.S.C. § 727; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GREGG ROBERTS (with two exhibits); Judge Reyes Bordeaux's Procedures for Video & Telephonic Appearances via ZoomGov Audio & Video
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ______________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

I have no access to the Electronic Mail Notice list.

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 09/03/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/03/2026 | James Munsen II | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**ATTACHMENT TO PROOF OF SERVICE OF DOCUMENT**

**US Bankruptcy Court, Case #26-BK-14477-RB**

**2. SERVED BY UNITED STATES MAIL**

Mark R Johnson
41539 Kalmia
Murrieta, CA 92562

Linda M Johnson
41539 Kalmia
Murrieta, CA 92562

Mark R Johnson
26900 Winchester Creek Apt 3103
Murrieta CA 92563

Linda M Johnson
26900 Winchester Creek Apt 3103
Murrieta CA 92563

Kevin Tang
Tang & Associates
17011 Beach Blvd, Suite 900
Huntington Beach, CA 92647

Arturo Cisneros (TR)
3403 Tenth Street, Suite 714
Riverside, CA 92501

United States Trustee (RS)
3801 University Ave, Ste 720
Riverside, CA 92501-3200

Hon. Magdalena Reyes Bordeaux
3420 Twelfth Street, Suite 325
Riverside CA 92501-3819