Gregg Roberts
43430 E Florida Ave F293
Hemet CA 92544
951-350-5371
gregg@legalsupport-sc.com
Assignee and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re Mark R. Johnson and Linda M. Johnson,<br><br>Debtors | Case #6:26-BK-14477-RB<br><br>Chapter 7<br><br>**DECLARATION OF GREGG ROBERTS IN SUPPORT OF MOTION TO EXTEND TIME TO FILE COMPLAINT OBJECTING TO DISCHARGE; EXHIBITS 1 AND 2** |

I, Gregg Roberts, declare:

1. I am a creditor and party in interest in this bankruptcy case. I have personal knowledge of the matters stated herein and, if called as a witness, could and would testify competently to them.
2. Debtors' original Schedule E/F identifies me as the nonpriority creditor with respect to a claim in the amount of $50,810.18 and separately identifies Arden Silverman dba Capital Asset Protection as an additional person to receive notice concerning that same claim.
3. At the time the bankruptcy petition was filed, however, the underlying state-court judgment was owned by Silverman pursuant to a prior assignment from the original judgment creditor, Tyler Dawsey.

4. On July 15, 2026, Silverman executed an assignment transferring his interest in the judgment to me.
5. Attached hereto as Exhibit 1 is a true and correct copy of that assignment.
6. I submitted the acknowledgment of assignment to the Riverside Superior Court for filing. As of the date of this declaration, the court has not completed processing of that filing.
7. The notice issued in this bankruptcy case establishes September 8, 2026 as the present deadline applicable to me to file a complaint objecting to Debtors' discharge.
8. On June 14, 2026, before the § 341 meeting of creditors, I sent Debtors and their counsel a written request for documents and information concerning Debtors' assets, financial affairs, and business activities.
9. My request stated that I had reviewed Debtors' bankruptcy petition and schedules and observed that they disclosed approximately $761,000 in SBA/EIDL loan debt while reporting relatively modest remaining assets. I requested documents sufficient to show receipt and disposition of those loan proceeds.
10. I also requested documents showing what became of the assets of the Naughty Pig Butchery business, including equipment, inventory, vehicles, accounts, lease deposits, and proceeds from any liquidation, sale, surrender, transfer, or other disposition.
11. I further identified Naughty Pig Butchery LLC (correct name Naughty Pig Butchery *Two*, LLC), with Daniel Johnson listed as principal, and requested information concerning whether assets, business opportunities, trade names, customer relationships, or other Naughty Pig business interests had been transferred to or were being used by that entity or Daniel Johnson.

12. Attached hereto as Exhibit 2 is a true and correct copy of the pertinent email correspondence concerning these requests. I personally sent or received the emails attributed to me in that correspondence and recognize the thread as a true and correct copy.
13. When I did not receive the requested records, I contacted Chapter 7 Trustee Arturo Cisneros.
14. On June 17, 2026, Trustee Cisneros responded in the email thread and directed Debtors' counsel to "please comply w/ the request in a reply to all," or provide legal authority for not doing so.
15. On June 19, 2026, Debtors' counsel stated that counsel would speak with the clients to obtain the requested documents and that an associate would respond the following week.
16. The requested documents were not provided.
17. On June 28 and July 1, 2026, I again advised the interested parties that I had received no documents. I specifically explained that I required sufficient time to review the requested records to evaluate Debtors' schedules, assets, business closure, SBA/EIDL loan proceeds, and potential objections to discharge.
18. On July 1, 2026, Mark Johnson responded: "The Trustee has requested and we are providing accordingly."
19. Nevertheless, I still had received no documents on July 13, 2026, when I again followed up and requested agreement to a 90-day extension.
20. I attended the meeting of creditors conducted pursuant to 11 U.S.C. § 341 on July 9.
21. During the meeting, the Chapter 7 Trustee again directed that Debtors' counsel provide me with the documents I had requested.
22. As of the date of this declaration, those documents still have not been provided to me.

23. During the same meeting, I personally heard Mark Johnson testify, in substance, that he had given or transferred the remaining Naughty Pig Butchery business to his son, Daniel Johnson.

24. I am describing the substance of Mark Johnson's testimony from my personal recollection. I do not represent that the foregoing wording is an exact transcript. I intend promptly to obtain the recording of the § 341 meeting so that the testimony can be reviewed precisely.

25. Before bankruptcy, I had investigated the Naughty Pig Butchery business and personally visited one of its operating locations. At that location I personally observed Daniel Johnson and his wife participating in operation of the business.

26. Before Mark Johnson's testimony at the § 341 meeting, however, I did not understand that Mark Johnson contended that the remaining business itself had been transferred or "given" to his son.

27. His testimony therefore materially increased the significance of the information I had previously discovered concerning Daniel Johnson and Naughty Pig Butchery Two, LLC, and raised additional questions concerning the transfer and disposition of business assets.

28. At the § 341 meeting, Mark Johnson also acknowledged that Debtors had failed to disclose his apartment address and that the former Naughty Pig business address had been used in the schedules as the location for property and other information even though that location was no longer a reliable reflection of where the relevant property was situated.

29. The Trustee directed Debtors' counsel to correct the schedules. As of the date of this declaration, I am aware of no amended schedules making that correction.

30. This issue is significant because Mark Johnson testified that the business property had been transferred to his son, while Daniel Johnson and/or the successor Naughty Pig operation subsequently ceased operating at and was evicted from the former business premises.

31. I therefore cannot determine from the schedules where numerous items of property identified as located at that address are presently located.

32. Among other things, I presently do not know precisely what assets were transferred, their values, when they were transferred, whether consideration was received, to whom any consideration was paid, what became of any proceeds, whether either Debtor retained any interest in or benefit from transferred property, or whether the disposition of all such assets has been completely disclosed and satisfactorily explained.

33. I also have not received the records I requested concerning receipt and disposition of the substantial SBA/EIDL loan proceeds identified in Debtors' schedules.

34. The documents I requested beginning in June 2026 may answer some or all of these questions. Because those documents have not been produced despite the Trustee's direction that Debtors' counsel comply with my request, I have been unable to complete that investigation.

35. I intend promptly to pursue appropriate examination and document production under Federal Rule of Bankruptcy Procedure 2004 concerning disposition of the Naughty Pig business and its assets, the present location of property identified in the schedules, the SBA/EIDL loan proceeds, and other matters bearing upon Debtors' financial affairs, administration of the estate, and Debtors' right to discharge.

36. I anticipate that appropriate Rule 2004 investigation may include examination or production from Debtors, Daniel Johnson, and other persons or entities possessing relevant information.

37. I am requesting this extension before expiration of the present deadline so that I can conduct that investigation and determine whether sufficient factual and legal grounds exist to commence or amend an adversary proceeding asserting objections under § 727.

38. I am not requesting additional time merely to search generally for possible claims. I sought specifically identified documentary evidence beginning in June; the Trustee directed Debtors' counsel to comply with my request; the documents have not been provided; the schedules contain acknowledged inaccuracies that have not been corrected despite the Trustee's direction; and testimony at the § 341 meeting disclosed additional material information concerning disposition of the remaining business.

39. I believe that a 90-day extension, through December 7, 2026, is reasonably necessary to permit targeted discovery and evaluation of the resulting evidence without requiring me prematurely to plead claims before their factual bases can reasonably be investigated.

40. I am not requesting through this Motion an extension of the deadline to file a complaint under 11 U.S.C. § 523. I intend to proceed separately with any such complaint within the presently applicable deadline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 3, 2026, at Hemet, California.

Gregg Roberts

Gregg Roberts

Declarant and Creditor, Pro Se

# EXHIBIT 1 TO DECLARATION OF GREGG ROBERTS

Gregg Roberts
43430 E Florida Ave #F-293
Hemet CA 92544
951-350-5371
Assignee In Pro Per

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| Tyler Dawsey<br><br>Plaintiff(s),<br><br>vs.<br><br>Naughty Pig Butchery, Inc., et al.<br><br>Defendant(s), | Case #CVSW2303523<br><br>ACKNOWLEDGMENT OF<br><br>ASSIGNMENT OF JUDGMENT<br><br>CCP §673 |

Arden Silverman DBA Capital Asset Protection, judgment creditor in the within matter, hereby provides the following in support of an ASSIGNMENT OF JUDGMENT:

1. THAT judgment was entered by this court on or about March 12, 2025.

2. THAT Plaintiff, Tyler Dawsey, was awarded the amount of $46,423.94 against the defendant listed below as judgment debtor.

3. THAT there have been no renewals since the entry of said judgment by this court and that Arden Silverman DBA Capital Asset Protection has received nothing toward the satisfaction of the judgment.

4. That Arden Silverman DBA Capital Asset Protection is the judgment creditor of record, and his address is 23679 Calabasas Rd., #677, Calabasas CA 91302.

**Exhibit 1, p. 1 of 2**

5. THAT the judgment debtors in this case are Naughty Pig Butchery, Inc. last known address 41539 Kalmia St, Ste 102, Murrieta CA 92562; and Mark Johnson, last known address also 41539 Kalmia St, , Ste 102, Murrieta CA 92562.

6. THAT by virtue of an affidavit of identity entered by this Court on August 19, 2025, the judgment debtor Naughty Pig Butchery, Inc. is also known as Naughty Pig Butchery Two LLC.

7. THAT Arden Silverman DBA Capital Asset Protection, judgment creditor in the above action, does hereby grant and convey all rights, title, and ownership of said judgment to:

Gregg Roberts
43430 E Florida Ave #F-293
Hemet CA 92544
951-350-5371

Signed this 15th day of July, 2026 at Calabasas, CA.

Arden Brian Silverman

Arden Silverman

*(Notary acknowledgment attached)*

State of Pennsylvania

County of Dauphin

This record was acknowledged before me on 07/15/2026 by Arden Brian Silverman.

Commonwealth of Pennsylvania - Notary Seal
Shavera Howard, Notary Public
Dauphin County
My commission expires October 4, 2026
Commission Number 1422533

Shavera Howard

Notary Public

My commission expires: 10/04/2026

Notarized remotely online using communication technology via Proof.

**Exhibit 1, p. 2 of 2**

**Subject:** Re: Johnson bankruptcy, 26-BK-14477, request for documents
**From:** Gregg Roberts <gregg@legalsupport-sc.com>
**Date:** 8/6/2026, 7:39 AM
**To:** Mark Johnson <ssi2009mj@gmail.com>
**CC:** "Kevin Tang, ESQ" <kevin@tang-associates.com>, Arturo Cisneros <arturo@mclaw.org>, Mayra Johnson <MJohnson@mclaw.org>, "Porfirio Rodriguez, ESQ" <porfirio@tang-associates.com>

In case you were waiting to see evidence that I am now the judgment creditor in this case, see attached.

I submitted the assignment to the Riverside court July 23, but it has not yet been processed.

I will be filing a motion to extend the adversary proceeding filing deadlines. May I represent to the Court that the request is unopposed?

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-350-5371

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-350-5371 or reply by e-mail and delete or discard the message.

On 7/13/2026 3:07 PM, Gregg Roberts wrote:

> I have still seen no documents.
>
> Will you stipulate to a 90-day extension?
>
> Gregg Roberts
> http://legalsupport-sc.com
> Legal Support Services of Southern California
> 43430 E. Florida Ave #F-293
> Hemet CA 92544
> 951-350-5371
>
> The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-350-5371 or reply by e-mail and delete or discard the message.
>
> On 7/1/2026 3:06 PM, Mark Johnson wrote:
>
> > The Trustee has requested and we are providing accordingly
> >
> > On Wed, Jul 1, 2026 at 1:30 PM Gregg Roberts <gregg@legalsupport-sc.com> wrote:
> >
> > > Mr. Trustee, Mr. Tang, and Mr. and Mrs. Johnson,
> > >
> > > I have still received no documents or substantive response to the requests below.
> > >
> > > Because the § 341(a) meeting is now so close, and because a thorough review of the requested records is necessary to evaluate the debtors' schedules, assets, business closure, SBA/EIDL loan proceeds, and potential § 523 and/or §

727 issues, I respectfully request that the Trustee set another Meeting for a later date so these matters can be examined after document production.

Mr. Tang, page 61 of the debtor's Original Petition states that you are not representing the Johnsons in any nondischargeability actions.

Accordingly, I am asking Mr. and Mrs. Johnson directly: please tell me whether you will stipulate to a 90-day extension of the September 8 deadline for me to file a complaint under § 523 and/or § 727.

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-350-5371

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-350-5371 or reply by e-mail and delete or discard the message.

On 6/28/2026 10:14 AM, Gregg Roberts wrote:

All,

I have received no communications pursuant to my request since the message below.

The First Meeting of Creditors is just nine business days away. If too many pages are produced too late for proper review, I will ask the Trustee to schedule a second Meeting, and I will ask the Court for an extension on the 523 and 727 deadlines.

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-350-5371

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-350-5371 or reply by e-mail and delete or discard the message.

On 6/19/2026 5:15 PM, Kevin Tang, ESQ wrote:

We will speak with our client to get the documents requested. My associate, Porfirio Rodriguez will get back to you next week.

Kevin Tang

On Wed, Jun 17, 2026 at 9:11 AM Arturo Cisneros <arturo@mclaw.org> wrote:

Thanks, MJ.

Mr. Tang: please comply w/ the request in a reply to all. Otherwise, your legal authority for not doing so. Thanks

**Exhibit 2, p. 2 of 7**

Very truly yours,

Arturo M. Cisneros

MALCOLM ◆ CISNEROS
A Law Corporation

Inland Empire
3403 10th Street
Suite 714
Riverside, CA 92501
(951) 682-9705

Orange County
4 Venture, Suite 395
Irvine, CA 92618
(949) 252-9400 Ext. 210

www.malcolmcisneros.com

***CONFIDENTIALITY NOTICE***

*This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.*

---

**From:** Mayra Johnson <MJohnson@mclaw.org>
**Sent:** Wednesday, June 17, 2026 9:03 AM
**To:** Gregg Roberts <gregg@legalsupport-sc.com>; Arturo Cisneros <arturo@mclaw.org>
**Cc:** Kevin Tang <kevin@tang-associates.com>
**Subject:** RE: Johnson bankruptcy, 26-BK-14477, request for documents

Good morning Mr. Roberts,

I am adding Trustee Cisneros at his preferred email address (and copying Debtors' counsel) to review your below email.

Thank you.

Mayra Johnson
Trustee Administrator

MALCOLM CISNEROS
A LAW CORPORATION

3403 10th Street, Suite 714
Riverside, CA 92501
951-682-9705
951-682-9707 (fax)
www.malcolmcisneros.com

Follow our firm at:

Certified Minority Owned Corporation
Malcolm ◆ Cisneros, A Law Corporation, is an AV rated, regional commercial and civil litigation firm with offices across the Western United States in Phoenix, AZ; Irvine and Riverside, CA; Las Vegas, NV; Lake Oswego, OR; Dallas, TX; Seattle, WA.

****CONFIDENTIALITY NOTICE****
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Gregg Roberts <gregg@legalsupport-sc.com>
**Sent:** Wednesday, June 17, 2026 7:32 AM
**To:** AMCTrustee <amctrustee@mclaw.org>
**Subject:** Re: Johnson bankruptcy, 26-BK-14477, request for documents

Mr. Trustee,

Debtor counsel has ignored my document requests below.

The first 341(a) meeting is set for July 9. I need time to review the requested documents before that meeting.

Pursuant to your authority under 11 USC 704(a)(4), please make the same document requests of the debtor yourself, and then forward me copies of whatever documents you receive pursuant to 11 USC 704(a)(7).

I understand that you cannot send me tax returns or ID cards. I'm not asking for those.

**Please acknowledge receipt.**

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-350-5371

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader

Exhibit 2, p. 4 of 7

of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-350-5371 or reply by e-mail and delete or discard the message.

On 6/15/2026 2:10 PM, Gregg Roberts wrote:

Mr. Tang,

Please acknowledge receipt.

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-350-5371

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-350-5371 or reply by e-mail and delete or discard the message.

On 6/14/2026 1:20 PM, Gregg Roberts wrote:

Dear Mr. Tang,

I am the assignee and current owner of the judgment, Riverside Superior Court case #CVSW2303523, against your clients.

I have begun reviewing the bankruptcy petition and schedules. Before deciding whether formal Rule 2004 discovery will be necessary, I am hoping to better understand several matters that are not clear from the petition.

First, the schedules disclose approximately $761,000 in SBA/EIDL loan debt, while reporting relatively modest remaining assets. Please provide me with documents sufficient to show the receipt and disposition of those loan proceeds.

Second, the debtors state that the butcher shop is closed and that they have retired. I would appreciate any documents or information showing what became of the business assets upon closure of the business, including equipment, inventory, vehicles, accounts, lease deposits, and any proceeds from liquidation, sale, surrender, or other disposition of those assets.

Third, the schedules identify 41539 Kalmia Street as the location of numerous items of personal property unrelated to the business, including vehicles, household furniture, clothing, and other assets. My understanding is that this was the butcher shop location and that the debtors no longer occupy those premises. If so, please identify the current location of those assets and provide any documents that would clarify the issue.

Finally, I noticed that Naughty Pig Butchery LLC was formed with Daniel Johnson listed as the principal. Please let me know whether the debtors have any present or anticipated involvement in that entity, or whether any assets, business opportunities, trade names, customer relationships, or other business interests associated with Naughty Pig were transferred to or are being used by that entity or by Daniel Johnson.

**Exhibit 2, p. 5 of 7**

I hope that these matters can be addressed informally before either side incurs the expense of formal discovery. If the schedules contain inaccuracies or if amendments are anticipated, please let me know.

In view of the upcoming meeting of creditors, I would appreciate an immediate acknowledgment of receipt, followed by provision of all relevant documents within five business days.

--

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-350-5371

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-350-5371 or reply by e-mail and delete or discard the message.

--

**Kevin Tang**
Attorney
kevin@tang-associates.com
(949) 577-6735 |
www.Tang-Associates.com

**CONFIDENTIALITY NOTICE:**

**This e-mail may contain confidential information protected by a legal privilege. Do not read this e-mail if you are not the intended recipient. This e-mail transmission, and any documents, files, or previous e-mail messages attached to it may contain confidential information protected by a legal privilege. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail forwarding this email to the sender and delete the original transmission and its attachments without reading or saving in any manner.**

--
Thank You

Linda Johnson
Ph 951.283-5947

**Exhibit 2, p. 6 of 7**

Attachments:

AOAOJ - Dawsey v. Naughty Pig et al - NOTARIZED - flat OCR.pdf 301 KB