Gregg Roberts
43430 E Florida Ave, F-293
Hemet, CA 92544
Telephone: 951-350-5371
Email: gregg@legalsupport-sc.com
Assignee and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>MARK R. JOHNSON and<br>LINDA M. JOHNSON,<br><br>Debtors. | **Case No. 6:26-bk-14477-RB**<br>Chapter 7<br><br>**SUPPLEMENTAL REQUEST FOR RULING AND MOTION TO VACATE PREMATURE DISCHARGE; NOTICE OF OPPORTUNITY TO REQUEST HEARING; DECLARATION OF GREGG ROBERTS**<br><br>Original motion: Dkt. 12<br>Discharge order: Dkt. 14<br>No hearing currently set.<br>Notice under LBR 9013-1(o).<br>Judge: Magdalena Reyes Bordeaux |

**Notice of opportunity to request a hearing**

Gregg Roberts requests vacatur of the September 14 discharge order (Dkt. 14), entered while his timely extension motion (Dkt. 12) remained pending, and a ruling granting that motion through December 7, 2026. This paper supplements the original motion without replacing it.

Under LBR 9013-1(o)(1), any response and request for hearing must be filed with the Court and served on Gregg Roberts at the address above and on the United States trustee within 14 days after service of this notice. Add three days for U.S. mail under Rule 9006(f); calculate under Rule 9006(a). Without a timely response and hearing request, the Court may grant relief without a hearing. No hearing is set.

**Procedural record**

Roberts filed Dkt. 12 on September 3, 2026, before the September 8 deadline, with supporting declaration and exhibits at Dkt. 13. The docket entries were entered September 10. The proofs at Dkt. 12, PDF pages 22–25, show September 3 mailing of the hearing notice and motion papers to both Debtors, their counsel, the trustee, and the United States trustee, with a judge's copy. The hearing was noticed for September 29 at 11:00 a.m. Roberts appeared by ZoomGov, but the motion was not called. The next day, a courtroom deputy told him that a calendaring error had occurred and that he would need to refile.

On October 21, Roberts reviewed the docket and found no opposition or order disposing of Dkt. 12. The docket does, however, show entry of both Debtors' discharge on September 14 at Dkt. 14. Roberts asked counsel Kevin Tang about nonopposition on October 4. Counsel declined on October 5, later agreed to consult the clients and report a position, and did not follow up. No agreement not to oppose is asserted.

**The premature discharge should be vacated**

Rule 4004(c)(1)(E) excepts a pending motion to extend the complaint deadline from the requirement of prompt discharge. The extension motion need not already have been granted. Dkt. 12 was timely filed and remained pending when Dkt. 14 was entered. The requested correction concerns that procedural mistake; it does not require a finding that Debtors committed discharge-disqualifying misconduct.

Rule 9024(a) incorporates Civil Rule 60. Civil Rule 60(b)(1) permits relief for mistake or inadvertence, subject to the reasonable-time and one-year limits of Civil Rule 60(c)(1). In *Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462, 1466–67 (9th Cir. 1993), the court upheld correction of a discharge entered under a mistaken view of the facts, where no intervening rights had vested in reliance on it. Although that case involved Chapter 13, its distinction between correcting an erroneously entered order and statutory revocation supports

correction here. Roberts requests consideration of any asserted intervening reliance before relief is granted.

Roberts does not ask the Court to convert the anticipated § 727(a) objections into a revocation complaint under § 727(d), or to decide those objections on this motion. For example, § 727(d)(1) requires fraud not known to the requesting party until after discharge; it is not interchangeable with § 727(a). Vacating the premature discharge would restore the proper procedural posture for resolution of the timely extension motion and any complaint filed within an extended deadline.

**Cause and the original requested deadline**

Roberts relies on the specific investigation and nonproduction set out in Dkt. 12 and Dkt. 13, especially the original declaration's paragraphs 8–36. Those matters include the receipt and disposition of approximately $761,000 in scheduled SBA/EIDL debt proceeds; disposition and location of Naughty Pig business assets; transfers to Daniel Johnson or Naughty Pig Butchery Two LLC; consideration and proceeds; and inaccuracies concerning property locations. The supporting declaration below summarizes those matters and candidly states that no Rule 2004 motion has yet been filed. The informal allowance of about three weeks for voluntary production is not represented as a court-ordered examination.

The filed motion consistently requests December 7, 2026. Roberts seeks that same date, not a new 90-day period running from the order. He seeks no extension of the Rule 4007 deadline or determination of his separately filed § 523(a)(6) adversary proceeding.

**Requested ruling and procedure**

Roberts asks the Court to vacate Dkt. 14 under Rule 9024(a) and Civil Rule 60(b)(1), grant the timely motion at Dkt. 12 through December 7, 2026, and withhold further entry of discharge as Rule 4004 requires. The merits of the extension remain for the Court to determine. Earlier nonresponse may be considered under LBR 9013-1(h), but is not treated as automatic consent to this paper's additional relief.

The notice-of-opportunity procedure is available under LBR 9013-1(o)(1); the requested relief is not among the exclusions in subsection (o)(2). If no timely response and hearing request is filed and served, Roberts will comply with subsection (o)(3). If one is filed and served, he will arrange and notice a hearing under subsection (o)(4). Section 102(1), applied through Rule 9001(a), permits action without an actual hearing after appropriate notice and opportunity; LBR 9013-1(j)(3) permits dispensing with oral argument. If the Court requires a different notice or hearing procedure, Roberts requests directions while preserving the original September 3 filing.

Dated: October 21, 2026

Gregg Roberts

Gregg Roberts, Assignee and Judgment Creditor, Pro Se

Gregg Roberts
43430 E Florida Ave, F-293
Hemet, CA 92544
Telephone: 951-350-5371
Email: gregg@legalsupport-sc.com
Assignee and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>MARK R. JOHNSON and<br>LINDA M. JOHNSON,<br><br>Debtors. | **Case No. 6:26-bk-14477-RB**<br>Chapter 7<br><br>**DECLARATION OF GREGG ROBERTS**<br><br>In support of supplemental request and motion |

## DECLARATION OF GREGG ROBERTS

I, Gregg Roberts, declare:

1. I am the assignee and judgment creditor who filed the extension motion in this case. I represent myself. I have personal knowledge of the facts stated below and could testify competently to them.
2. On September 3, 2026, before the September 8 deadline, I filed my motion to extend the time to object to Debtors' discharge under § 727, Dkt. 12. My supporting declaration and Exhibits 1 and 2 were filed at Dkt. 13. The requested extended deadline in the filed motion is December 7, 2026.
3. The motion papers and hearing notice were served by mail on September 3, 2026, as shown by the separate proofs and address attachments at Dkt. 12, PDF pages 22–25. The notice specified September 29, 2026, at 11:00 a.m., in Courtroom 301, Riverside.

4. I appeared by ZoomGov on September 29 for the noticed hearing. My motion was not called or heard.

5. On September 30, 2026, I spoke with a courtroom deputy whose name I did not obtain. She told me that my motion had not been placed on the calendar because of a calendaring error and that I would need to refile a motion.

6. On October 4, 2026, I asked Porfirio Rodriguez, counsel for Debtors, whether I could represent to the Court that the motion would not be opposed. On October 5, he replied, “I’m sorry Mr. Roberts, we do not concede or agree.” In a later telephone conversation, counsel agreed to consult the clients and decide by Thursday whether to oppose. As of October 21, he had not provided the promised follow-up. I do not represent that counsel agreed not to oppose.

7. I reviewed the docket on October 21, 2026. It contained no filed opposition or order granting, denying, dismissing, or treating my extension motion as withdrawn. It showed an order of discharge entered September 14, 2026, at Dkt. 14 and a certificate of notice concerning that order at Dkt. 16.

8. As described in my September 3 declaration, on June 14 I requested records concerning Debtors’ assets, financial affairs, and business activities. I sought records of the receipt and disposition of the approximately $761,000 in SBA/EIDL loan debt disclosed in the schedules, and records showing what became of Naughty Pig business equipment, inventory, vehicles, accounts, lease deposits, and proceeds from any sale, liquidation, surrender, transfer, or other disposition.

9. I also requested information concerning transfers or use of Naughty Pig assets, business interests, trade names, opportunities, and customer relationships by Daniel Johnson or Naughty Pig Butchery Two LLC. At the July 9 meeting of creditors, I personally heard Mark Johnson testify, in substance, that he had given or transferred the remaining business to his son. I needed to determine what was transferred, when, its value, what consideration

was received, what became of any proceeds, and whether Debtors retained an interest or benefit. The schedules' use of the former business location also left the actual location of numerous items unresolved. These matters are described in Dkt. 13, paragraphs 23–36.

10. On June 17, Trustee Arturo Cisneros directed Debtors' counsel in the email thread to comply with my request or state the legal authority for refusing. Counsel said on June 19 that the clients would be consulted and an associate would respond the next week. I followed up on June 28, July 1, and July 13. Mark Johnson said on July 1 that documents were being provided to the Trustee. The Trustee again directed compliance at the July 9 meeting. As I stated in my September 3 declaration, I had received none of the requested documents when that declaration was filed. The correspondence is already filed as Exhibit 2 to Dkt. 13.

11. Counsel and I informally agreed to allow about three weeks for production of the documents identified in my earlier email and the Trustee's direction. I have not filed a motion to obtain an order setting a Rule 2004 examination, and I do not represent that a court-ordered examination or production deadline has been violated.

12. My investigation of the matters summarized above remains incomplete. I seek the extension to obtain and review the necessary records, determine the disposition and location of assets and loan proceeds, and decide which objections to discharge, if any, have adequate factual support. I rely on the requests and efforts actually described above and in Dkt. 13.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 21, 2026 at Hemet, California.

Gregg Roberts

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
43430 E Florida Ave #F, Hemet, CA 92544

A true and correct copy of the foregoing document entitled (*specify*): SUPPLEMENTAL REQUEST FOR RULING AND AND MOTION TO VACATE PREMATURE DISCHARGE; NOTICE OF OPPORTUNITY TO REQUEST HEARING; DECLARATION OF GREGG ROBERTS

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ______________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

I do not have access to CM/ECF.

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 10/21/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/21/2026 | Vito A. Vitale III | Vito A. Vitale III |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**ATTACHMENT TO PROOF OF SERVICE OF DOCUMENT**

**US Bankruptcy Court, Case #26-BK-14477-RB**

**2. SERVED BY UNITED STATES MAIL**

Mark R Johnson
41539 Kalmia
Murrieta, CA 92562

Linda M Johnson
41539 Kalmia
Murrieta, CA 92562

Mark R Johnson
26900 Winchester Creek Apt 3103
Murrieta CA 92563

Linda M Johnson
26900 Winchester Creek Apt 3103
Murrieta CA 92563

Kevin Tang
Tang & Associates
17011 Beach Blvd, Suite 900
Huntington Beach, CA 92647

Arturo Cisneros (TR)
3403 Tenth Street, Suite 714
Riverside, CA 92501

United States Trustee (RS)
3801 University Ave, Ste 720
Riverside, CA 92501-3200

Hon. Magdalena Reyes Bordeaux
3420 Twelfth Street, Suite 325
Riverside CA 92501-3819